MOTOR FUEL CARRIERS, Inc., Plaintiff,

v.

UNITED STATES of America, Defendant.

Civ. A. No. 496.

United States District Court
N. D. Florida,
Marianna Division.

May 20, 1965.

W. R. Frazier, of Hill & Frazier, Jacksonville, Fla., for plaintiff.

Clinton Ashmore, U. S. Atty., Tallahassee, Fla., and J. F. Murphy, Asst. Atty. Gen., Dept. of Justice, Washington, D. C., for defendant.

CARSWELL, Chief Judge.

This action was brought by the taxpayer to recover $45,286.89 which it paid as income taxes, accumulated earnings taxes and interest for the calendar years 1956 and 1957. This Court, sitting without a jury, entered findings of fact and conclusions of law concluding that the taxes had been properly assessed and that the plaintiff was therefore not entitled to a refund. 202 F.Supp. 497 (1962).

The plaintiff appealed to the United States Court of Appeals for the Fifth Circuit, 322 F.2d 576, complaining that the District Court had "disposed of the penalty tax as if it had arisen under the 1939 Code on an all or nothing basis," and had failed to consider the new provision of the 1954 Code[1] whereby an accumulated earnings credit adjustment is permitted if it is determined that a part of the earnings was retained for the taxpayer's reasonable needs.

The Court of Appeals noted that the taxpayer itself had tried the case on the "all or nothing basis" later complained of and had made no attempt to demonstrate to the trial Court that if not entitled to the whole, it was entitled to a partial refund.

The appellate Court affirmed this Court's holding that Motor Fuel Carriers, Inc., had accumulated its surplus beyond the reasonably anticipated needs of the business for the years 1956 and 1957. However, the Court vacated the judgment and remanded the cause to the District Court, 322 F.2d 576, 580:

> " * * * for a finding as to whether the taxpayer has shown itself entitled to an accumulation of earnings and profits in the tax years such as would permit an accumulated earnings credit adjustment * * *."

Accordingly, this Court has permitted further testimony on the accumulated earnings credit adjustment phase of the case. Witnesses have been deposed and the parties have submitted briefs on this particular point.

In order for the plaintiff to be entitled to a credit adjustment and hence a partial tax refund, it must bear the burden of showing that some of the surplus accumulated in 1956 and 1957 was properly retained in anticipation of the reasonably anticipated needs of the business. World Publishing Co. v. United States, 10th Cir. 1948, 169 F.2d 186, cert. den. 335 U.S. 911, 69 S.Ct. 480, 93 L.Ed. 443. The Court has already decided that the taxpayer was not entitled to accumulate earnings during the years under review for the purpose of constructing terminal facilities, and therefore need not devote further attention to this issue. Thus the primary remaining argument advanced by the taxpayer in an effort to carry its burden of proof is that the earnings were properly retained in order to protect the plaintiff corporation from competition.

1. 26 U.S.C.A. (I.R.C.1954) Sec. 535(a) (1).

In view of the plaintiff's impressive record of earnings throughout the entire history of the business, and of its sound financial condition, the Court concludes that the fear of competition was unjustified and not reasonable under the circumstances. This general fear of competition did not, in this case, justify the additional retention of profits in 1956 and 1957 under the reasonably anticipated needs of the business criteria. Thus, after carefully considering the entire record including the additional testimony and the briefs of the respective parties, this Court holds that the taxpayer is not entitled to a credit adjustment under 26 U.S.C.A. (I.R.C.1954) Sec. 535(c) (1) since it failed to establish that the reasonably anticipated needs of the business required the retention of any additional earnings in 1956 and 1957.

Therefore, judgment will be entered in favor of the United States.